UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTINA L.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-355-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the administrative law judge ("ALJ") erred at step two and in evaluating the medical opinion evidence and her symptom testimony. (Dkt. # 11.) The Commissioner responds that the ALJ's decision is legally sound and supported by substantial evidence. (Dkt. # 12.) Plaintiff filed a reply. (Dkt. # 15.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

## II. BACKGROUND

Plaintiff was born in 1976, has at least a high school education, and has no past relevant work. AR at 3638, 3733. She applied for benefits in November 2020, alleging disability beginning January 1, 2017. *Id.* at 254-55. The applications were denied initially and on reconsideration, and she requested a hearing. *Id.* at 76-103, 158-59. After an October 2022 hearing, at which she amended the alleged onset date to June 30, 2019, the ALJ found her not disabled, and the Appeals Council denied review. *Id.* at 2, 34. On judicial review, this Court reversed and remanded because the ALJ did not adequately identify inconsistencies between Plaintiff's activities and her testimony regarding gastrointestinal ("GI") symptoms. *Id.* at 3741, 3743-44. Following a new hearing in September 2025, the ALJ again found Plaintiff not disabled. *Id.* at 3640.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, severe impairments of obesity, lumbar degenerative disc disease, osteoarthritis, asthma, anxiety, depression, and plantar fasciitis. AR at 3625. The ALJ assessed a residual functional capacity ("RFC") for light work with the following limits: occasional climbing of ramps or stairs, stooping, and crawling; frequent kneeling and crouching; no climbing of ladders, ropes, or scaffolds; frequent exposure to non-weather-related extreme cold, non-weather-related extreme heat, industrial vibrations, respiratory irritants, and hazards; and only occasional interaction with coworkers and the public. *Id.* at 3630.

Plaintiff appealed the Commissioner's final decision to this Court. (Dkt. # 5.)

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), the Court may overturn the Commissioner's denial of benefits only if the ALJ's decision rests on legal error or lacks substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The Court reviews the record as a whole but may not reweigh evidence or substitute its judgment for the ALJ's. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Smartt*, 53 F.4th at 494-95. Any error must be harmful to warrant reversal. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The challenger bears the burden of showing harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Did Not Err at Step Two

Plaintiff argues the ALJ erred by finding her GI issues non-severe at step two. (Dkt. # 11 at 3-6.) The Court previously affirmed the ALJ's step-two finding. AR at 3735, 3744. Under the law-of-the-case doctrine, Plaintiff may not relitigate issues already affirmed. *See Hammond v. Berryhill*, 688 F. App'x 486, 487 (9th Cir. 2017). Accordingly, the ALJ did not err at step two.

### B. The ALJ Did Not Err in Evaluating Medical Evidence

Under the applicable regulations, the ALJ must articulate the persuasiveness of each medical opinion, addressing supportability and consistency, and those findings must be supported by substantial evidence. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff contends the ALJ misevaluated the opinion of Frank Bashumika, MPH, PMHNP-BC, who opined marked mental limitations. (Dkt. # 11 at 10-14 (citing AR at 4611-15).) The ALJ found the opinion unsupported by Mr. Bashumika's benign exam findings and inconsistent with treatment records reflecting largely situational stressors, improvement with medication, and generally normal mental status examinations. AR at 3634-3638 (citing *id.* at 1110, 1782, 1832, 1838, 1875, 1924, 1936, 1967, 1994, 2021, 2031, 2035, 2057, 2229, 2243, 2284-85, 2288, 2301, 2307, 2309-10, 2322, 2330, 2334, 2339, 2351, 2357, 2362, 2963, 3540, 3554, 3559, 3566, 3574, 4077, 4289, 4353, 4431, 4521-22, 4544, 4591, 4614). The law-of-the-case doctrine applies to issues decided explicitly or by necessary implication. *See Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993). The Court's prior remand order necessarily upheld the ALJ's reasons for discounting this opinion. AR at 3739-40 (affirming ALJ's findings that Plaintiff's mental status examinations were largely unremarkable, her mental health symptoms were primarily situational, and her mental health improved with medication). Plaintiff identifies no basis to depart from that doctrine. (*See* dkt. ## 11, 15.) Accordingly, the ALJ did not err in evaluating the medical evidence.

**C. The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent malingering, an ALJ must provide clear and convincing reasons to discount symptom testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). The ALJ need not accept every allegation or parse testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is whether the ALJ's rationale is sufficiently clear to persuade. *Smartt*, 53 F.4th at 499.

Plaintiff alleged "rushing" bowel movements 1-4 times daily on average, up to 7-10 times on bad days, lasting 5-10 minutes each. (Dkt. # 11 at 8-10.) The ALJ reasonably found these

allegations inconsistent with the longitudinal record and improvement with conservative measures. AR at 3625-26, 3634. The record reflects conservative treatment (medication and diet), minimal follow-up after late 2022 until early 2025, and documented improvement. *Id.* at 2269-76, 2959-65, 3058, 3305-11, 3338, 3520-23, 3556, 3582, 3591-92, 3614-15, 3927. Objective workup was unremarkable, including normal colonoscopy/biopsies and an unremarkable CT scan. *Id.* at 3494-96, 3501-02, 3509-10, 3591-92, 3614-15. The ALJ also cited specific inconsistencies: reports of 1-4 bowel movements per day with improvement on Lomotil and diet, denials of abdominal pain, a denial of fecal incontinence in April 2025, and a denial of diarrhea or other GI symptoms the following month. *Id.* at 2269-76, 3058, 3305-11, 3520-23, 3556, 3918, 3927. Despite alleging severe urgency and incontinence, Plaintiff pursued limited treatment and did not follow through with repeatedly recommended pelvic floor physical therapy. *Id.* at 4114, 4117. On this record, the ALJ permissibly found the alleged severity out of proportion to the evidence and declined to include GI-related RFC limitations. *See Smartt*, 53 F.4th at 499. Plaintiff's conclusory contrary arguments do not show harmful error. (*See* dkt. ## 11 at 9; 15 at 4.)

Accordingly, the ALJ did not err in evaluating Plaintiff's symptom testimony.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 31st day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge